Marc J. Randazza, NV Bar # 12265
Ronald D. Green, NV Bar #7360
J. Malcolm DeVoy IV, NV Bar #11950
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 fax
ecf@randazza.com

Attorneys for Plaintiff
VIAVIEW, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VIAVIEW, INC. | Case No. _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | 1) **CYBERSQUATTING - 15 U.S.C. § 1125(d)** |
| ERIC S. CHANSON; KEVIN C. BOLLAERT; CODY ALVIAR; ROY E. CHANSON; AMY L. CHANSON; and BLUE MIST MEDIA, LLC | 2) **TRADEMARK INFRINGEMENT- 15 U.S.C. § 1125(a)** |
| | 3) **UNFAIR COMPETITION - 15 U.S.C. § 1125(a)** |
| Defendants. | 4) **COMMON LAW TRADEMARK INFRINGEMENT** |
| | 5) **BREACH OF CONTRACT** |
| | 6) **CIVIL CONSPIRACY** |
| | 7) **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS** |

For its Complaint against Defendants Blue Mist Media, Eric S. Chanson, Kevin C. Bollaert, Cody Alviar, Roy E. Chanson, and Amy L. Chanson (collectively, the "Defendants"), Plaintiff ViaView, Inc. ("ViaView," or "Plaintiff") complains and alleges as follows:

### I. NATURE OF ACTION

The Defendants have violated, and continue to violate, ViaView's trademark rights. However, they violate far more than that. The Defendants operate a network of websites where they publish "involuntary pornography." In other words, they have established a business model that depends upon stealing sexually explicit photographs of unwitting victims -- photographs which

1

these victims consider to be private and have not authorized anyone to distribute, much less distribute them to the general public.  Not only do the defendants encourage and likely participate in this theft, they then publish this involuntary pornography on the Internet.

Not content to simply publish these victims' photographs, the Defendants also engage in a form of cyberstalking, whereby they identify the subjects of the sexually explicit photographs, and then publish not only the sexually explicit photographs, but they also publish the victims' full names, where they live, and links to their Facebook pages.  The Defendants do not verify the ages of any of the subjects of the actual sexually explicit content that they publish, nor do they maintain any records as required by law.  Thus, the Defendants' activities constantly violate 18 U.S.C. § 2257 – a law that was put into place, in part, to prevent just this kind of conduct.

While ViaView's complaint about the Defendants likely pales in comparison to the grievances held by the Defendants' hundreds of victims nationwide, ViaView still has important rights the Defendants are violating.  ViaView owns the trademark rights and goodwill to the mark ISANYONEUP.  ViaView does not, nor would it ever, engage in "involuntary pornography."  However, the Defendants' actions have a strong likelihood of confusing the public into a belief that ViaView has an involvement in this unethical and illegal conduct.

ViaView therefore brings this action against the Defendants for cybersquatting, trademark infringement, and unfair competition under the federal Lanham Act, with pendent claims for breach of contract, civil conspiracy, intentional interference with contractual relations, and common law trademark infringement.  Plaintiff seeks damages, attorneys' fees and costs, and preliminary and permanent injunctive relief.

## II. JURISDICTION

1.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

2.    This Court has personal jurisdiction over Defendant Blue Mist Media based upon the following: (a) it contracted with a Nevada resident and breached the agreement that is the subject of this action; (b) it operates websites on the World Wide Web that are accessible to and

target residents of the State of Nevada (see **Exhibit 1**); and (c) it committed acts that it knew or should have known would cause injury to Plaintiff in the State of Nevada.

3. This Court has personal jurisdiction over Defendant Eric S. Chanson based upon the following: (a) upon information and belief, he is a partner with and/or the alter ego of Defendant Blue Mist Media; (b) he contracted with a Nevada resident and breached the agreement that is the subject of this action; (c) he operates websites on the World Wide Web that are accessible to residents of the State of Nevada; and (d) he committed acts that he knew or should have known would cause injury to Plaintiff in the State of Nevada.

4. This Court has personal jurisdiction over Defendant Kevin C. Bollaert based upon the following: (a) upon information and belief, he is a partner with and/or the alter ego of Defendant Blue Mist Media; (b) he contracted with a Nevada resident and breached the agreement that is the subject of this action; (c) he operates websites on the World Wide Web that are accessible to residents of the State of Nevada; and (d) he committed acts that he knew or should have known would cause injury to Plaintiff in the State of Nevada.

5. This Court has personal jurisdiction over Defendant Cody Alviar based upon the following: (a) upon information and belief, he is a partner with and/or the alter ego of Defendant Blue Mist Media; (b) he contracted with a Nevada resident and breached the agreement that is the subject of this action; (c) he operates websites on the World Wide Web that are accessible to residents of the State of Nevada; and (d) he committed acts that he knew or should have known would cause injury to Plaintiff in the State of Nevada.

6. This Court has personal jurisdiction over Defendant Roy E. Chanson based upon the following: (a) he committed intentional torts by encouraging and causing Defendants Blue Mist Media, Eric S. Chanson, Kevin Bolleart, and Cody Alviar to breach their contract with Plaintiff, a Nevada resident; and (b) he committed acts that he knew or should have known would cause injury to Plaintiff in the State of Nevada.

7. This Court has personal jurisdiction over Defendant Amy L. Chanson based upon the following: (a) she committed intentional torts by encouraging and causing Defendants Blue Mist Media, Eric S. Chanson, Kevin Bolleart, and Cody Alviar to breach their contract with

1   Plaintiff, a Nevada resident; and (b) she committed acts that she knew or should have known would

2   cause injury to Plaintiff in the State of Nevada.

3       8.      Venue is proper in the United States District Court for the District of Nevada

4   pursuant to 28 U.S.C. § 1391(b) and (c).  Venue lies in the unofficial Southern Division of this

5   Court.

6                                   **III.  PARTIES**

7       9.      Plaintiff ViaView, Inc. ("ViaView") is a Delaware corporation with its principal

8   place of business in Las Vegas, Nevada.  In April of 2012, Plaintiff ViaView purchased the

9   <isanyoneup.com> domain name and all associated trademark rights and goodwill.

10      10.     Upon information and belief, Defendant Blue Mist Media ("Blue Mist") is an

11  unincorporated business entity and is a partnership between, and alter ego of, Defendants Eric S.

12  Chanson, Kevin C. Bollaert, and Cody Alviar.

13      11.     Upon information and belief, Defendant Eric S. Chanson is an individual residing in

14  the State of New Jersey and is a partner with and alter ego of Defendant Blue Mist.

15      12.     Upon information and belief, Defendant Kevin C. Bollaert is an individual residing

16  in the State of Illinois and is a partner with and alter ego of Defendant Blue Mist.

17      13.     Upon information and belief, Defendant Cody Alviar is an individual residing in the

18  State of Washington and is a partner with and alter ego of Defendant Blue Mist.

19      14.     Upon information and belief, Defendant Roy E. Chanson is a resident of the State of

20  New Jersey.  Roy Chanson is the father of Defendant Eric Chanson.

21      15.     Upon information and belief, Defendant Amy L. Chanson is a resident of the State

22  of New Jersey.  Amy Chanson is the mother of Defendant Eric Chanson.

23                      **IV.  ALLEGATIONS COMMON TO ALL COUNTS**

24      16.     Plaintiff ViaView is the owner of the <isanyoneup.com> domain name.  ViaView

25  purchased the domain name registration and all associated and accumulated trademark rights in

26  April of 2012.

27      17.     ViaView, thus, is the owner of the ISANYONEUP common law mark and has filed

28  an application with the United States Patent and Trademark Office (the "USPTO) for:

1   ISANYONEUP (U.S. App. No. (U.S. App. No. 85/705,441) for "computer services, namely,

2   creating an online community for registered users to participate in discussions, get feedback from

3   their peers, form virtual communities, and engage in social networking."

4       18.     Defendant Blue Mist and its partners and/or alter egos – Defendants Eric Chanson,

5   Kevin Bollaert, and Cody Alviar – registered the domain names <isanyoneup.net>,

6   <isanyoneupvideos.com>, and <isanyoneupnudes.com> (the "Infringing Domain Names").

7       19.     Defendants clearly registered the domain names with a bad faith intent to capitalize

8   upon the ISANYONEUP trademark, of which ViaView is the proper owner.

9       20.     On May 5, 2012, <isanyoneup.net> was registered to Eric Chanson and Blue Mist

10  Media in the publicly available WHOIS information.  **Exhibit 2.**

11      21.     On September 29, 2012, after Chanson was informed that this lawsuit was in

12  production, <isanyoneup.net> was transferred to Kevin Bollaert as shown in the publicly available

13  WHOIS information.  **Exhibit 3.**

14      22.     Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar use the

15  Infringing Domain Names to solicit and post naked pictures and videos of persons who were

16  photographed without their consent or permission.  Such "involuntary pornography" is violative of

17  the subjects' rights, and is a practice that the former owners of <isanyoneup.com> engaged in.

18  However, ViaView, upon purchasing ISANYONEUP, immediately put an end to this particular

19  practice – choosing to build a positive brand around other aspects of the business.  The Defendants'

20  use of the Plaintiff's brand name for this unethical and illegal enterprise fosters a likelihood of

21  confusion and tarnishes ViaView's commercial reputation.

22      23.     Not content to invade their victims' privacy by posting their nude photos,

23  Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar also post the social media

24  pages of their victims, including but not limited to their Facebook profiles, in order to identify the

25  victims for the purpose of embarrassing and harassing them and/or encouraging others to embarrass

26  and harass them.

27

28

24.     Upon information and belief, Defendants Blue Mist Media, Eric Chanson, Kevin Bolleart, and Cody Alvarez do not obtain the permission of their victims prior to posting naked photographs of them (and their hometowns) on the World Wide Web.

25.     Upon information and belief, Defendants Blue Mist Media, Eric Chanson, Kevin Bolleart, and Cody Alvarez do not verify the ages of their victims prior to posting naked photographs of them on the World Wide Web.

26.     Upon information and belief, several of the victims whose sexually explicit photographs are on the websites associated with the Infringing Domain Names are under the age of eighteen (18) years.  Thus, the Defendants ostensibly are engaged in the illegal distribution of child pornography while using the Plaintiff's trademark.

27.     Upon information and belief, Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alvarez are aware that several of their victims are under the age of eighteen (18) years, and thus knowingly engage in the distribution of child pornography.  Furthermore, the Defendants publish actual sexually explicit content without securing or maintain the proper records as required by 18 U.S.C. § 2257.

28.     Defendants Blue Mist, Eric Chanson, Kevin Bollaert, and Cody Alviar registered the Infringing Domain Names using a privacy service offered by registrar GoDaddy, so that they could hide their identities from their victims and the Plaintiff – this is indicative of their bad faith and their scienter.

29.     Upon information and belief, Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar used a privacy service to register the Infringing Domain Names because they were fully aware that their conduct infringed upon Plaintiff's ISANYONEUP trademark and that their conduct in operating the websites was unlawful.

30.     Plaintiff ViaView learned that these Defendants were the registrants of the <isanyoneup.net> Infringing Domain Name.  The Plaintiff sent a demand letter offering to purchase the domain as an alternative to litigation.  The Defendants responded with a demand for payment well in excess of any out of pocket expenses related to the domain names.

31.     Plaintiff ViaView's sole purposes for offering to purchase the <isanyoneup.net> Infringing Domain Name was to stop the infringement of its trademark and to ensure that the Infringing Domain Name was no longer used to victimize innocent third parties by posting their sexually explicit photographs without their knowledge or consent.

32.     Upon receipt of ViaView's offer to purchase the <isanyoneup.net> Infringing Domain Name, Defendant Eric Chanson informed Plaintiff ViaView that he was aware of Plaintiff's purchase of the <isanyoneup.com> domain name.  Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar were thus aware of Plaintiff's trademark rights and that they were infringing upon those rights.

33.     Upon receipt of ViaView's offer to purchase the <isanyoneup.net> Infringing Domain Name, Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar informed ViaView that they also owned the registrations for <isanyoneupvideos.com> and <isanyoneupnudes.com> and offered to sell ViaView those domain name registrations as well, for a cost in excess of any out of pocket expenses.

34.     Plaintiff ViaView and Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar reached an agreement for the purchase and sale of all three (3) Infringing Domain Names.

35.     The agreement between Plaintiff and these Defendants was reduced to writing.  A copy of that agreement is attached hereto as **Exhibit 4**.

36.     Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar accepted with the agreement as drafted by Plaintiff ViaView.  They informed Plaintiff ViaView that they had signed the agreement and would return an executed copy of the agreement to Plaintiff's counsel, but that their fax machine was not functioning.

37.     Defendants Roy Chanson and Amy Chanson were aware of the agreement reached by Plaintiff ViaView and Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar.

38.     Upon information and belief, Defendants Roy Chanson and Amy Chanson were aware of the purpose and the contents of the websites associated with the Infringing Domain Names, including that the websites displayed photographs of naked persons without their

knowledge and that the websites contained naked photographs of persons under the age of eighteen (18) years.

39.    Defendants Roy Chanson and Amy Chanson encouraged and induced Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar to breach the agreement with Plaintiff ViaView, and on information and belief, had knowledge of the violations of 18 U.S.C. § 2257 as well as other pornography statutes.

40.    After Defendants Roy Chanson and Amy Chanson induced Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar to breach the agreement, Defendant Eric Chanson terminated the cellular phone account that he had used to speak with Plaintiff, and Plaintiff ViaView has had no further communication with Defendants.

41.    The website associated with <isanyoneupvideos.com> is still active and displays videos and photographs of naked persons without their knowledge or consent.

42.    The <isanyoneup.net> domain name currently redirects to <yougotposted.com>, which continues to display sexually explicit photographs without the subjects' knowledge or consent.   The majority of the photographs on the website unlawfully contain a watermark containing the Plaintiff's trademark.

43.    Defendants have disabled all content on the <isanyoneupnudes.com> domain name.

44.    By registering and/or using the Infringing Domain Names, Defendants were and are attempting to trade on the goodwill of Plaintiff's ISANYONEUP mark.

45.    By registering and/or using the Infringing Domain Names, Defendants were and are attempting to create an association between the Infringing Domain Names and Plaintiff's ISANYONEUP mark.

46.    Upon information and belief, Defendants registered the Infringing Domain Names with the bad faith intent to profit from Plaintiff's mark.

47.    Defendants have neither trademark nor other intellectual property rights in the Infringing Domain Names.

48.    Defendants had no prior use of the Infringing Domain Names in connection with the bona fide offering of any goods or services.

49. Defendants did not believe or have reasonable grounds to believe that their use of the Infringing Domain Names was a fair use or otherwise lawful.

50. In fact, the illegal publication of child pornography and adult pornography in violation of 18 U.S.C. § 2257 can never be lawful.

## V. FIRST CLAIM FOR RELIEF

### (Cybersquatting – 15 U.S.C. § 1125(d))

51. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

52. By registering and using the domain names identified herein, Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar have registered, trafficked in, and/or used domain names that are identical or confusingly similar to Plaintiff's trademark.

53. Upon information and belief, Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar registered, used, and/or trafficked in these domain names with a bad faith intent to profit from Plaintiff's trademark.

54. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## VI. SECOND CLAIM FOR RELIEF

### (Trademark Infringement – 15 U.S.C. § 1125(a))

55. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

56. Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar used and/or are using in commerce domain names that contain Plaintiff's trademark and, thus, are confusingly similar to Plaintiff's trademark.

57. Defendants' use in commerce of Plaintiff's mark and/or marks confusingly similar to Plaintiff's trademark for Defendants' services constitutes a reproduction, copying, counterfeiting, and colorable imitation of Plaintiff's trademark in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

58.     By using Plaintiff's mark and/or marks confusingly similar trademark with knowledge that Plaintiff owns, has used, and continues to use its trademarks in the United States and around the world, Defendants have intended to cause confusion, cause mistake, or deceive consumers.

59.     Defendants are using marks identical and/or confusingly similar to Plaintiff's trademarks in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion, cause mistake, or deceive consumers as to affiliation, connection, or association with Plaintiff or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by Plaintiff.

60.     Defendants' use of Plaintiff's mark and/or marks confusingly similar to Plaintiff's trademark has created a likelihood of confusion among consumers who may falsely believe that Defendants' business or websites are associated with Plaintiff's business or that Plaintiff sponsors or approves of Defendants' services or commercial activities.

61.     As a direct and proximate result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## VII.  THIRD CLAIM FOR RELIEF

### (Unfair Competition – 15 U.S.C. § 1125(a))

62.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

63.     Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar used and/or are using in commerce Infringing Domain Names that contain Plaintiff's trademark and, thus, are confusingly similar to Plaintiff's trademark.

64.     Defendants' use in commerce of Plaintiff's trademark and/or marks confusingly similar to Plaintiff's trademark for Defendants' services constitutes a reproduction, copying, counterfeiting, and colorable imitation of Plaintiff's trademarks in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

65.     By using Plaintiff's trademark and/or marks confusingly similar to Plaintiff's trademark with knowledge that Plaintiff owns, has used, and continues to use its trademarks in the United States and around the world, Defendants have intended to cause confusion, cause mistake, or deceive consumers.

66.     Defendants are using marks identical and/or confusingly similar to Plaintiff's trademark in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion, or to cause mistake, or to deceive consumers as to affiliation, connection, or association with Plaintiff or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by Plaintiff.

67.     Defendants' use in commerce of Plaintiff's trademark and/or marks confusingly similar to Plaintiff's trademark with knowledge that Plaintiff owns, has used, and continues to use its trademarks constitutes intentional conduct by Defendants to make false designations of origin and false descriptions about Defendants' services and commercial activities.

68.     As a direct and proximate result of such unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## VIII.  FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

69.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

70.     By virtue of having used and continuing to use its trademark, Plaintiff has acquired common law rights in those marks.

71.     Defendants' use of marks identical and/or confusingly similar to Plaintiff's trademark infringes Plaintiff's common law rights in its trademarks.  This use is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendants' services, websites, and/or Internet domain names originate from, or affiliated with or endorsed by, Plaintiff when they are not.

72.     As a direct and proximate result of Defendants' infringement of Plaintiff's common law trademark rights under Nevada and other common law, Plaintiff has suffered, and will continue to suffer, monetary damages, and irreparable injury to its business, reputation, and goodwill.

## IX.  FIFTH CLAIM FOR RELIEF

### (Breach of Contract)

73.     Plaintiff incorporates the allegations in the preceding paragraphs as if set forth fully herein.

74.     Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar entered into an agreement with Plaintiff whereby the agreed to transfer the Infringing Domain Names to Plaintiff for compensation.

75.     Plaintiff ViaView reduced the agreement to writing, and Defendants agreed to each of its terms.  In fact, upon information and belief, Defendant Eric Chanson signed the agreement on behalf of Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar.

76.     Plaintiff ViaView has performed all of its required obligations, covenants, and conditions pursuant to the agreement, except for those obligations, covenants, and conditions from which it has been lawfully excused from performing.

77.     Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alivar have refused to deliver a copy of the signed agreement to Plaintiff.

78.     Defendants have breached the agreement by refusing to transfer the Infringing Domain Names to Plaintiff.

79.     Defendants have breached the agreement by continuing to use Plaintiff's trademark in association with the Infringing Domain Names.

80.     As a direct, proximate, and legal result of Defendants' breaches of contract, Plaintiff has been injured in an amount to be proven at trial.

## X.  SIXTH CLAIM FOR RELIEF

### (Civil Conspiracy)

81.     Plaintiff incorporates the allegations in the preceding paragraphs as if set forth fully herein.

82.    Plaintiff ViaView possessed a viable and enforceable contract with Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar.

83.    Defendants Roy Chanson and Amy Chanson were aware of Plaintiff's agreement with Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar.

84.    Defendants Roy Chanson and Amy Chanson took concerted action to encourage and induce Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alivar to breach their agreement with Plaintiff ViaView.

85.    Based upon the actions of Defendants Roy Chanson and Amy Chanson, Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar breached their agreement with Plaintiff ViaView.

86.    As a direct, proximate, and legal result of this civil conspiracy, Plaintiff has been injured in an amount to be proven at trial.

## XI.  SEVENTH CLAIM FOR RELIEF

### (Intentional Interference with Contractual Relations)

87.    Plaintiff incorporates the allegations in the preceding paragraphs as if set forth fully herein.

88.    Plaintiff ViaView possessed a valid, existing, and enforceable contract with Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar.

89.    Defendants Roy Chanson and Amy Chanson were aware of the contract.

90.    Defendants Roy Chanson and Amy Chanson engaged in intentional acts designed to disrupt the contractual relationship between ViaView, on the one hand, and Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar, on the other.

91.    Defendants Roy Chanson's and Amy Chanson's intentional acts resulted in disruption of the contractual relationship,

92.    As a direct, proximate, and legal result of this intentional interference with contractual relations, Plaintiff has been injured in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ViaView, Inc. respectfully prays that the Court grant the following relief:

a) A preliminary and permanent injunction prohibiting Defendants Blue Mist, Eric Chanson, Kevin Bolleart, and Cody Alviar, their respective officers, agents, servants, employees, and/or all persons acting in concert or participation with them, or any of them, from: (1) using Plaintiff's trademark or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases, or designs, in commerce or in connection with any business or for any other purpose (including but not limited to on websites or in domain names); and (2) registering, owning, selling, leasing, or trafficking in any domain names containing Plaintiff's trademark or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases, or designs;

b) A preliminary and permanent injunction requiring the current domain name registrar(s) and/or registries to immediately disable the content found at the Infringing Domain Names;

c) A preliminary and permanent injunction requiring the current domain name registrar(s) to transfer any and all the Infringing Domain Names to the Plaintiff;

d) An award of compensatory, consequential, statutory, and punitive damages against all Defendants in an amount to be proven at trial;

e) An award of $100,000 for each Infringing Domain Name, as the maximum statutory damages available.  At this time, Plaintiff knows of three infringing domain names.  Therefore, plaintiff seeks $300,000 at this time.  The maximum damage award is particularly appropriate, given the Defendants' depraved, unethical, and criminal acts;

f) An award of interest, costs, and attorneys' fees incurred by Plaintiff in prosecuting this action under 15 U.S.C. § 1117;

g)    An order declaring all Defendants to be jointly and severally liable for all of the complained-of actions and for all monetary and injunctive relief; and

h)    All other relief to which Plaintiff is entitled.

Dated: September 19, 2012                    Respectfully submitted,


                                             s/ Marc Randazza
                                             Marc J. Randazza, NV Bar # 12265
                                             Ronald D. Green, NV Bar #7360
                                             J. Malcolm DeVoy IV, NV Bar #11950
                                             Randazza Legal Group
                                             6525 W. Warm Springs Road, Suite 100
                                             Las Vegas, NV 89118
                                             888-667-1113
                                             305-437-7662 fax
                                             ecf@randazza.com