UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VIAVIEW, INC. ) <br> ) <br>                 Plaintiffs, ) <br> vs. ) <br> ) <br> BLUE MIST MEDIA; ERIC S. CHANSON; ) <br> KEVIN C. BOLLAERT; CODY ALVIAR; ) <br> ROY E. CHANSON; and AMY L. ) <br> CHANSON, ) <br> ) <br>                 Defendants. ) | Case No.: 2:12-cv-01657-GMN-GWF <br><br> **ORDER** |

Pending before the Court is the Motion for Preliminary Injunction (ECF No. 6) filed by Plaintiff ViaView, Inc. ("Plaintiff"). Previously, on November 30, 2012, the Court granted Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order. (ECF No. 10.) In that Order, the Court also ordered Defendants to file its Response to Plaintiff's Motion for a Preliminary Injunction by December 7, 2012. (*Id.* at 10:3-4.) However, Defendants have failed to file any response to Plaintiff's motion.

Additionally, in its November 30th Order, the Court granted Plaintiff's request for leave to serve the complaint and the Court's Order by email. (*Id.* at 8:18-9:2.) Thereafter, on December 21, 2012, Plaintiff filed a "Certificate of Service," certifying its compliance with the Court's order by sending a copy of the complaint and the Court's November 30th Order to each of Defendants' known email addresses. (Certificate of Service 1:22-2:9, ECF No. 14.)

**DISCUSSION**

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Having

failed to timely file Points and Authorities in response to Plaintiff's Motion for a Preliminary Injunction, Defendants have consented to the granting of that motion. *See* LR 7-2(d).

Finally, although Rule 65(a)(1) of the Federal Rules of Civil Procedure authorizes a court to "issue a preliminary injunction only on notice to the adverse party," Plaintiff has provided adequate notice to Defendants of the Motion for Preliminary Injunction. Specifically, Plaintiff demonstrated that Defendants are aware of the instant litigation. Furthermore, Plaintiff filed a Certificate of Service that certifies that Plaintiff served the complaint and the Court's November 30th Order on Defendants using the Defendants known email addresses.

For these reasons, having considered the moving papers (ECF No. 6), the Court's previous Order granting Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order (ECF No. 10), and good cause appearing, the Court hereby GRANTS Plaintiff's Motion for a Preliminary Injunction.

**CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion for Preliminary Injunction (ECF No. 6) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff ViaView, Inc. shall post a nominal bond of one hundred dollars ($100) for each domain name at issue, unless such bond has already been posted pursuant to the Court's November 30th Order (ECF No. 10).

**DATED** this 2nd day of January, 2013.

_____
Gloria M. Navarro
United States District Judge