1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Marc J. Randazza (Nevada Bar No. 12265)
Ronald D. Green (Nevada Bar No. 7360)
J. Malcolm DeVoy IV (Nevada Bar No. 11950)
RANDAZZA LEGAL GROUP
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
Telephone: 888-667-1113
Facsimile: 305-437-7662
ecf@randazza.com

Attorneys for Plaintiffs,
*ViaView, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VIAVIEW, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC S. CHANSON; KEVIN C. BOLLAERT; CODY ALVIAR; ROY E. CHANSON; AMY L. CHANSON; and BLUE MIST MEDIA, LLC,<br><br>Defendants. | Case No. 2:12-cv-01657<br><br>**ORDER** |

     Pending before the Court is the failure of Defendants Eric S. Chanson, Kevin C. Bollaert, Roy E. Chanson, Amy L. Chanson, and Blue Mist Media LLC (the "Defendants"), to file any briefing demonstrating that they should not be held in contempt for their refusal to abide by the Temporary Restraining Order (ECF 10) and Preliminary Injunction (ECF 15) previously entered by this Court.  Plaintiff ViaView, Incorporated filed a Motion for Order to Show Cause (ECF 17), which this Court granted (ECF 18) and scheduled a hearing upon for April 11, 2013. (ECF 20) Defendants' briefing demonstrating why they should not be held in contempt was due by April 2, 2013. (ECF 20)  As ordered by the Court, Plaintiff served the order containing this schedule upon Defendants (ECF 21).  However, Defendants did not file anything with the Court.

Randazza
Legal Group
6525 W. Warm Springs
Road
Suite 100
Las Vegas, NV 89118
(888) 667-1113

- 1 -

## I.      Background.

The Court already has issued a Temporary Restraining Order and Preliminary Injunction prohibiting Defendants from using the ISANYONEUP trademark—and variations thereof— or registering, trafficking in, or using domain names containing the mark or variations thereof as part of their "involuntary pornography" scheme (ECF 10, 15).  Plaintiff has demonstrated that Defendants have refused to comply with this Court's orders.  Instead, Defendants continue to maintain and use domain names that incorporate the ISANYONEUP mark and redirect to Defendants' involuntary pornography websites.  Moreover, they continued to identify their involuntary pornography websites at "The New Is Anyone Up" after the entry of the Temporary Restraining Order and Preliminary Injunction in this case.  Because Defendants ignored the injunctions issued against them, the Court finds Defendants in contempt of Court and grants Plaintiff its attorneys' fees and costs and Defendants' profits.  Moreover, the Court finds that terminating sanctions against Defendants Eric S. Chanson, Kevin C. Bollaert, Roy E. Chanson, Amy L. Chanson, and Blue Mist Media LLC are appropriate, and orders default to be entered against those Defendants.[1]

## II.     Standard For Finding Contempt.

In order to hold Defendants in civil contempt, Plaintiff must show by clear and convincing evidence that Defendants "violated a specific and definite order of the court." *FTC v. Affordable Media, LLC,* 179 F.3d 1228, 1239 (9th Cir. 1999).  A finding of civil contempt allows the Court to issue remedial sanctions against defendants. *Perry v. O'Donnell*, 759 F.2d 702, 704 (9th Cir. 1985).   Courts presiding over civil actions need not find that contempt is willful to justify an award of fees and expenses as a remedial sanction. *Id.*

---

[1] Based on Plaintiff's notice to the Court, Cody Alviar is excluded from this group of Defendants.

Randazza
Legal Group
6525 W. Warm Springs
Road
Suite 100
Las Vegas, NV 89118
(888) 667-1113

Plaintiff has shown that despite the Defendants' knowledge of the Temporary Restraining Order and Preliminary Injunction entered against them, Defendants did not comply with these orders.   Instead, Defendants continued to use Plaintiff's ISANYONEUP mark after the Court specifically and definitively ordered them to halt.   Although Defendants' actions were likely willful, the Court need not make that determination in order to hold Defendants in contempt and issue sanctions.   Based on Plaintiff's clear and convincing showing that Defendants have violated the Court's orders, the Court finds Defendants should be sanctioned, Plaintiff awarded its reasonable attorneys' fees and costs, and terminating sanctions be entered against the Defendants.

### III.      Awarding Plaintiff's Reasonable Attorneys' Fees And Costs.

The evidence before the Court indicates that Defendants had knowledge of the Court's Temporary Restraining Order and Preliminary Injunction, but chose to disregard both.   Despite the Court issuing an Order to Show Cause to Defendants, they have failed to respond. Disobedient conduct such as the Defendants', which has not been shown to be "outside the control of the litigant, is sufficient to demonstrate willfulness, bad faith or fault[.]" *Stars' Desert Inn Hotel & Country Club Inc. v. Hwang*, 105 F.3d 521, 525 (9th Cir. 1997).   Where a party willfully disobeys a court order, the Court may impose sanctions upon him or her. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *see also Rockstar, Inc. v. Original Good Brand Corp.*, Case No. 2:09-cv-1499, *2010 WL 3724244* at *1 (D. Nev. Sept. 15, 2010).   These sanctions may include an award of reasonable attorneys' fees and costs.   *Brincko v. Rio Properties, Inc.*, 278 F.R.D. 576, 581, 586 (D. Nev. 2011).

A mere admonition by the Court is unlikely to effect a change of Defendants' behaviors, and more drastic remedies are required.   The Court finds that Plaintiff is entitled to and shall

Randazza
Legal Group
6525 W. Warm Springs
Road
Suite 100
Las Vegas, NV 89118
(888) 667-1113

receive an award of reasonable attorneys' fees and costs in bringing their motion for an order to show cause and subsequent actions to obtain sanctions upon Defendants.  Plaintiff is instructed to file affidavits and other evidence concerning the reasonableness of its fees with their motion for default judgment, as discussed below.

**IV.     Terminating Sanctions And The Entry of Defendants' Default.**

Where a party fails to abide by a Court's orders, default may be used as a sanction against the non-compliant party. *Rockstar Inc.*, *2010 WL 3724244* at *1-2.  Courts have the inherent power to enter a default judgment "to ensure the orderly administration of justice and the integrity of their orders." *Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc.*, 682 F.2d 802, 806 (9th Cir. 1982); *see also Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) (upholding a terminating sanction "when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice.")[2]  Where the Court anticipates continued misconduct by the offending party, it may reject lesser sanctions. *Anheuser-Busch, Inc.*, 69 F.3d at 332.

The Court must weigh five factors in determining the appropriateness of allowing terminating sanctions and entering default against the Defendants: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Computer Task Group, Inc. v. Brotby*,

---

[2] It is also worth noting that while many cases entering terminating sanctions arise from discovery abuses under Fed. R. Civ. P 37, terminating sanctions entered under that Rule and the Court's inherent powers are all but interchangeable. *Adriana Int'l Corp. v. Kunz*, 913 F.2d 1406, 1412 n.4 (9th Cir. 1990).  Under the precedent of the United States Court of Appeals for the Ninth Circuit, cases involving both dismissals based on district courts' inherent authority and Rule 37 are treated interchangeably; similarly, cases involving the dismissal of a plaintiff's complaint are treated the same as those involving the striking of a defendant's answer. *Id.*

- 4 -

Randazza
Legal Group
6525 W. Warm Springs
Road
Suite 100
Las Vegas, NV 89118
(888) 667-1113

364 F.3d 1112, 1115 (9th Cir. 2004); *Rockstar Inc.*, *2010 WL 3724244* at *2.  When a court order has been violated, the first and second factors weigh in favor of sanctions, while the fourth weighs against them. *Adriana*, 913 F.2d at 1412.  The third and fifth factors are therefore determinative. *Id.*  However, terminating sanctions are particularly appropriate where a party has "engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings." *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995).  Such conduct can be seen in the Defendants' actions.

With respect to the third factor, Plaintiff is prejudiced by Defendants' ongoing violation of its trademark rights.  While denying Plaintiff the right to prosecute its case and take discovery, Defendants have simultaneously subverted the role and purpose of the Court with their conduct. Plaintiff expended resources to obtain a Temporary Restraining Order and Preliminary Injunction to protect its rights, yet Defendants have refused to comply with these orders and further damaged the very rights Plaintiff brought suit to protect.  An entry of default and progression to default judgment will aid Plaintiff's protection of its rights.

Finally, the Court must consider less drastic alternatives to terminating sanctions against Defendants. *Rockstar Inc.*, *2010 WL 3724244* at *2-3.  As directed by the Court, Plaintiff served Defendants with the Court's Temporary Restraining Order and Preliminary Injunction.  Despite having notice of these orders, Defendants have engaged in conduct inconsistent their plain language.  Their conduct is contrary to the orderly administration of justice.  In light of Defendants' refusal to participate in this litigation despite having been provided numerous notices as to its developments, the Court can only conclude that Defendants have no intention of complying with its orders, and that less drastic sanctions, such as sanctions payable to the Court

Randazza
Legal Group
6525 W. Warm Springs
Road
Suite 100
Las Vegas, NV 89118
(888) 667-1113

or public admonition, will not have the desired effect to ensure the integrity of the Court's orders.

Even if alternate, less-severe sanctions had not been considered, there is ample basis for default in the record before the Court.  Plaintiffs have been served with the Complaint and Temporary Restraining Order (ECF 14), served with the Preliminary Injunction, and served with this Court's Order to Show Cause alerting them to this hearing and their opportunity to respond. If any less drastic action or notice by the Court could enervate Defendants to participate in this litigation, it would have done so by now.  Therefore, the weight of the five-factor analysis required by *Adriana* weighs in Plaintiff's favor, and entry of default judgment against Defendants is appropriate.

## V.     Conclusion

**IT IS HEREBY ORDERED** that Defendants Eric S. Chanson, Kevin C. Bollaert, Roy E Chanson, Amy L. Chanson, and Blue Mist Media are found in contempt of Court, and shall be held in contempt until such time as they provide evidence to the Court that they have purged this contempt by discontinuing their violation of Plaintiff's trademark rights.

**IT IS FURTHER ORDERED** that the clerk shall enter default against Defendants Eric S. Chanson, Kevin C. Bollaert, Roy E. Chanson, Amy L. Chanson, and Blue Mist Media LLC. Plaintiff is **ORDERED** to file a motion for default judgment within **14** days of this Order's entry.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to an award of reasonable attorneys' fees and costs against Defendants Eric S. Chanson, Kevin C. Bollaert, Roy E. Chanson, Amy L. Chanson, and Blue Mist Media LLC, and shall supply affidavits and supporting documentation in support of its motion for default judgment

**DATED** this 4th day of April, 2013.

-6-

Gloria M. Navarro
United States District Judge

Randazza
Legal Group
6525 W. Warm Springs
Road
Suite 100
Las Vegas, NV 89118
(888) 667-1113

Submitted by:

Marc J. Randazza (Nevada Bar No. 12265)
Ronald D. Green (Nevada Bar No. 7360)
J. Malcolm DeVoy IV (Nevada Bar No. 11950)
RANDAZZA LEGAL GROUP
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
Telephone: 888-667-1113
Facsimile: 305-437-7662
ecf@randazza.com

Attorneys for Plaintiffs,
*ViaView, Inc.*

Randazza
Legal Group
6525 W. Warm Springs
Road
Suite 100
Las Vegas, NV 89118
(888) 667-1113